FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 27 2007

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES E. FERGUSON, | : | CIVIL RIGHTS COMPLAINT |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-0826-JEC |
| THE HONORABLE GREIG SCHWALL, | : | |
| Defendant. | : | |

**ORDER AND OPINION**

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity screening.

I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief. <u>Brower v. County of Inyo</u>, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. <u>Id.</u> If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); <u>Bolin v. Story</u>, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); <u>Beck v. Interstate</u>

2

Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II. Discussion

Plaintiff alleges that he filed a motion to have Defendant, the Honorable Greig Schwall, recuse himself in Plaintiff's pending state criminal case. (Doc. 1 at 2). Judge Schwall denied that motion. (Id.). Plaintiff also complains that the trial court denied his pro se motion for a speedy trial on the basis that it was not timely filed. (Id. 1-2). Plaintiff contends that, contrary to the decision of the trial court, he timely filed his motion. (Id. at 2). As a consequence of Judge Schwall's rulings, Plaintiff seeks money damages in the amount of $1,000,000.0.

It is well-established that judges are immune from lawsuits for damages "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985). This immunity applies to proceedings under 42 U.S.C. § 1983. Pierson v. Ray, 386 U.S. 547 (1967).

This Court is prohibited from granting Plaintiff's requested relief. Accordingly, this Court finds that this action should be dismissed, pursuant to 28 U.S.C. § 1915A.

3

AO 72A
(Rev.8/82)

III. Conclusion

**IT IS ORDERED** that the instant civil rights complaint [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 27 day of June, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

4